**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
CONSOLIDATED BRICK & BUILDING         :   CIVIL ACTION NO. 05-1490 (MLC)
SUPPLIES, INC.,                       :
                                      :        MEMORANDUM OPINION
    Plaintiff,                        :
                                      :
    v.                                :
                                      :
ALOSI CONSTRUCTION, INC.,             :
et al.,                               :
                                      :
    Defendants/                       :
    Third-party Plaintiffs,           :
                                      :
    v.                                :
                                      :
FALCON CONSTRUCTION CO., INC.         :
                                      :
    Third-party Defendant.            :
                                      :
```

**COOPER, District Judge**

The plaintiff, Consolidated Brick & Building Supplies, Inc. ("Consolidated"), moves for summary judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). The defendants have not opposed the motion. The Court, for the reasons stated herein, will grant the motion.

### BACKGROUND

Alosi Construction Inc. ("Alosi Inc.") is a New Jersey corporation with a principal place of business in Bridgewater, New Jersey. (Compl., at 1.) Jonathan Alosi ("Alosi") is the Vice President of Alosi Inc. and resides in New Jersey. (Id.)

Consolidated is a Massachusetts corporation that has its principal place of business in Avon, Massachusetts.  (Id.)

Turner Construction, Inc. ("Turner") hired Alosi Inc. as a masonry subcontractor on a project to build Early Childhood Center #45 ("the Center") in Elizabeth, New Jersey.  (Id. at 2; Pl. Letter, at 1.)  Alosi Inc. entered into a subcontract with Consolidated in which Consolidated would supply and deliver bricks for the construction of the Center.  (Pl. Letter, at 1.)  Alosi Inc. submitted an "Application for Credit" to Consolidated on January 21, 2004.  Alosi signed the application on behalf of Alosi Inc.  (McGowan Certif., Ex. A.)  The application provided, inter alia, that (1) the term of payment was net 30 days unless it was otherwise stated on the invoice, (2) "Buyer agrees to pay all costs of collection, including but not limited to reasonable attorney fees and interest," and (3) "[t]he officers of [Alosi Inc.] personally guarantee payment for all the debts of [the] corporation."  (Id.)

Alosi Inc. ordered 23,500 units of bricks in July 2004.  (Pl. Letter, at 2.)  Consolidated sent a quote to Alosi Inc. dated July 7, 2004.  The quote (1) described the bricks that Alosi Inc. ordered, (2) stated that "signature indicates acceptance of terms and conditions," and (3) asked Alosi Inc. to "indicate your acceptance by signing and returning one copy as soon as possible."  (McGowan Certif., at Ex. D.)  Alosi signed

2

the quote, and dated it July 9, 2004. (Id.) Consolidated sent Alosi Inc. an "Order Acknowledgment" dated July 12, 2004. It detailed the type and quantity of bricks ordered by Alosi Inc. It also reflected that the total price of the order was $52,185.00. (McGowan Certif., at Ex. E.) The acknowledgment is signed by Alosi. (Id.) Consolidated completed the order, and delivered the bricks to the Center. (Compl., at 3; Pl. Letter, at 3.)[1]

Alosi Inc. placed a second order with Consolidated on August 23, 2004. (McGowan Certif., at Ex. F.) The order requested almost 30,000 units of bricks. (Id.) Consolidated sent an "Order Acknowledgment" to Alosi Inc. on August 25, 2004 stating (1) the number and type of bricks ordered, (2) a total price of $137,322.50, and (3) a request that Alosi Inc. "verify that the order was accurate and note any discrepancies that you find." (McGowan Certif., at Ex. G.) Alosi Inc. executed a written acknowledgment of the August 25 order. It did not advise Consolidated that the order contained any discrepancies. (Compl., at 4; Answer, at 4.)

---

[1] The defendants deny that the materials were delivered to the Center. (Answer, at 3.)

Turner terminated its contract with Alosi Inc. in October 2004. (Compl., at 4.)[2] Consolidated subsequently cancelled Alosi Inc.'s August order. Consolidated's supplier, however, had already manufactured the materials. (McGowan Certif., at ¶ 10.) Consolidated is holding the materials in inventory. (Id.) It has not been able to sell the bricks because they were specially manufactured for the Center. (Id.) Consolidated asserts that Alosi Inc. has failed to pay for both the July and August orders.

Consolidated brought this action on March 16, 2005, against Alosi Inc., and Alosi. (Dkt. entry no. 1.) The complaint asserts claims against Alosi Inc. for (1) breach of contract, and (2) the amount owed by Alosi Inc. on Consolidated's book account and account stated. (Compl., at 4, 8.) It asserts claims against Alosi himself for breach of personal guaranty. The complaint also asserts claims against both defendants for breach of the implied covenant of good faith and fair dealing, and quantum meruit. (Id. at 5-7.)

---

[2] The defendants, in their answer, deny this assertion as stated in the complaint. They assert that Turner, Consolidated, Alosi Inc., and Falcon Construction Company, Inc. ("Falcon") entered an agreement providing that (1) the subcontract between Turner and Alosi Inc. would be mutually terminated, (2) there would be a release of claims between Turner and Alosi Inc., and (3) Falcon would effectuate a novation of (a) the Turner and Alosi Inc. subcontract, and (b) the August 23, 2004 "Directive to Proceed" with the second brick order between Alosi Inc. and Consolidated. (Answer, at 4.)

The defendants included a third-party complaint against Falcon in their answer. (Dkt. entry no. 3.) They allege that Falcon by novation, or alternatively by assignment, took over Alosi Inc.'s subcontract with Turner, and its subcontract with Consolidated. (Alosi Answer, at 9-10.) They further allege that Falcon breached its agreement with Alosi Inc. when it refused to (1) accept delivery of the bricks from Consolidated, and (2) cover the damages incurred by Consolidated as a result of Falcon's failure to accept the bricks. (Id. at 10.) Falcon, in response, denied the defendants' allegations. (Falcon Answer.)

The Magistrate Judge issued an order on February 16, 2006, directing the defendants to respond to Consolidated's initial set of interrogatories and requests for production by February 17, 2006. (Dkt. entry no. 8.) The Magistrate Judge further ordered that Consolidated and Falcon could move for summary judgment if the defendants did not respond to Consolidated's requests, and "that said motions would be deemed uncontested insofar as they relate to Alosi [Inc.]." (Id.) The defendants did not respond to the discovery requests. Consolidated now moves for summary judgment, seeking the amount it is owed on the brick contracts, prejudgment interest, attorney fees, and costs. (Pl. Letter, at 2.) They want Alosi Inc. and Alosi to be held jointly and severally liable. (Id. at 4.) The defendants have not opposed the motion.

5

**DISCUSSION**

**I.   Standard for Summary Judgment**

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Under this standard, the "mere existence of a scintilla of evidence in support of the

[non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).  A fact is material only if it might affect the action's outcome under governing law. Id. at 248.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); see also Damino v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created).  The motion is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175.

7

When, as here, "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quotes and cites omitted). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D. Pa. June 20, 2000).

**II. Analysis**

Consolidated argues that summary judgment is appropriate because Alosi Inc. has breached its contract with Consolidated by failing to pay for the bricks it ordered. (Pl. Letter, at 4.) Consolidated argues that Alosi should be held personally liable because he executed a contract personally guaranteeing the debts of Alosi Inc. (Id.)

Consolidated seeks judgment in the amount of $189,143.74. This amount is the sum of:

8

```
$  37,462.50 - the amount owed for the July 12 order³
$ 137,322.50 - the amount owed for the August 25 order
$   3,391.70 - prejudgment interest
$  10,967.04 - attorney fees and costs
```

(Id.)

The Court's jurisdiction over this action is based on diversity pursuant to 28 U.S.C. § 1332. The Court, therefore, will apply New Jersey substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994).

**A.   Breach of Contract**

   **1.   Applicable Law**

Consolidated alleges that Alosi Inc. has breached its contracts with Consolidated because it has failed to pay Consolidated for the bricks ordered. (Compl., at 5.) "A contract is an agreement resulting in obligation enforceable at law." In re The Score Board, Inc., 238 B.R. 585, 590 (D.N.J. 1999). "A contract arises from offer and acceptance, and must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992) (internal

---

[3] The Order Acknowledgment for the July 12 order reflects an order of 23,500 bricks for a total price of $52,185.00. (McGowan Certif., at Ex. E.) The amount of bricks delivered, however, was only 16,350. The total price of the order, therefore, was $37,462.50, not $52,185.00. (Pl. Letter, at 3.)

9

quotes and cites omitted). A contract for the sale of goods in New Jersey is governed by the Uniform Commercial Code ("UCC"). N.J.S.A. § 12A:2-102; see also Air Masters Sales Co. v. Northbridge Park Co-Op, Inc., 748 F.Supp. 1110, 1116 (D.N.J. 1990).

Parties create an enforceable contract when they agree on essential terms and manifest an intent to be bound to those terms. Weichert, 608 A.2d at 284. Assent to a contract may be express, through words, or implied by conduct. Id. at 285; see also Air Masters Sales Co., 748 F.Supp. at 1114 ("[a] contract is formed where the essential terms of an agreement have been communicated between the parties and there has been mutual assent to those terms"). "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." N.J.S.A. § 12A:2-204. An offeree impliedly manifests unconditional assent to the terms of an offer when the offeree gives no indication of objection to the offer's terms. Weichert, 608 A.2d at 285.

A contract should be construed as a whole. Air Masters Sales Co., 748 F.Supp. at 1115. "In construing the terms of a contract, a court may not rewrite a contract to favor either party." Id. The words used in a contract should be given their "plain and ordinary meaning." Id.; In re The Score Board Inc.,

238 B.R. at 591 ("New Jersey law states that a writing must have a 'reasonable interpretation'"). The court must look to the objective intent manifested by the language of the contract in the circumstances when interpreting a contract. <u>Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.</u>, 767 F.2d 43, 47 (3d Cir. 1985). "The object of interpretation is not discovery of undisclosed subjective intent" of one party or another. (<u>Id.</u>)

The determination of whether the terms of a contract are clear or ambiguous is a question of law. <u>Seidenberg v. Mut. Life Ins. Co.</u>, 949 F.Supp. 269, 274 (D.N.J. 1996); <u>see also</u> <u>Dome Petroleum Ltd.</u>, 767 F.2d at 47 ("[t]he interpretation of a contract is usually a question of law in New Jersey"); <u>Air Masters Sales Co.</u>, 748 F.Supp. at 1114-15 (construction of a contract's terms is a question of law). A contract is ambiguous if the terms are subject to more than one reasonable interpretation. <u>Air Masters Sales Co.</u>, 748 F.Supp. at 1115; <u>see also</u> <u>Seidenberg</u>, 949 F.Supp. at 275. Interpretation of an ambiguous term presents a question of fact. <u>W.B. v. Matula</u>, 67 F.3d 484, 497 (3d Cir. 1995). When the terms of a contract are unambiguous, however, their construction is a question of law appropriate for summary judgment. <u>Id.</u>

A contract for the sale of goods obliges (1) the seller to transfer and deliver the goods in accordance with the contract, and (2) the buyer to accept and pay for the goods in accordance

with the contract. N.J.S.A. § 12A:2-301. If a buyer fails to pay for the goods when payment becomes due, the seller may recover the price of the goods accepted by the buyer and those goods identified in the contract that the seller is unable to sell at a reasonable price. Id. at § 12A:2-709.

### 2. Defendants' Breach

Consolidated alleges, and Alosi Inc. admits, that the parties executed two "Order Acknowledgments" for the order of bricks. (See Compl., at 2-3; Defs. Answer, at 2-3; see also McGowan Certif., at Exs. E, G.) The acknowledgments detailed the number and type of bricks ordered, and the corresponding price. (McGowan Certif., at Exs. E, G.) The July acknowledgment reflects a total price of $52,185.00. (Id. at Ex. E.) The August acknowledgment reflects a total price of $137,322.50. (Id. at Ex. G.) The terms and conditions accompanying the August acknowledgment state, inter alia, "[f]ailure of Buyer to make any payment as provided herein or to accept delivery shall constitute a breach hereof by Buyer." (Id.)

Consolidated is entitled to summary judgment and damages for breach of contract by Alosi Inc. The order acknowledgments created enforceable contracts between Consolidated and Alosi Inc. The terms of the order acknowledgments are not ambiguous, and both parties demonstrated intent to agree to their terms. Consolidated was obligated to order the bricks, and Alosi Inc.

was obligated to pay for those bricks. Consolidated sent the acknowledgments to Alosi Inc., and Alosi Inc. signed and returned the acknowledgments to Consolidated. See Greenfield v. Twin Vision Graphics Inc., 268 F.Supp.2d 358, 373 (D.N.J. 2003) ("it is well settled that affixing a signature to a contract creates a conclusive presumption that the signer read, understood, and assented to its terms.") Consolidated delivered the bricks ordered in July to the Center. Alosi Inc., however, has refused to accept delivery of the August order because Turner terminated Alosi Inc.'s contract in October 2004. (Pl. Letter, at 3.) Consolidated cancelled "the balance" of the August order, but its supplier had already manufactured and billed Consolidated for the order. (Id.) Consolidated has been unable to sell the bricks because they were specially tailored for the Center. (Id.) Alosi Inc. has breached its contracts with Consolidated by failing to pay for the bricks as required by the order acknowledgments.

    The burden is on Alosi Inc. to prove that it has not breached its contracts with Consolidated. The defendants, however, have submitted no objections, memoranda, affidavits, or other documents in opposition to the motion for summary

judgment.[4]  The defendants in their answer (1) deny certain allegations made by Consolidated, and (2) assert several affirmative defenses, and a cross claim.  (Answer, dkt. entry no. 3.)[5]  They cannot, however, rely on mere allegations to defeat a motion for summary judgment.  They have thus failed, by definition, to bring to the Court's attention any evidence that could conceivably create any genuine issue of material fact as to the validity or performance of the contracts at issue.  The Court thus holds that awarding summary judgment on the motion as to the breach of contract claim in this case is "appropriate."  Anchorage Assocs., 922 F.2d 168 at 175.

---

[4] The return date on the motion, as set by the Clerk, was June 5, 2006.  In an order dated February 16, 2006 ("February Order"), the Magistrate Judge ordered the defendants to respond to Consolidated's request for production of documents and initial set of interrogatories. (2-16-06 Order, at 1.)  The Magistrate Judge further directed that if the defendants did not respond by February 17, 2006, Consolidated could move for summary judgment. The motion would be "deemed uncontested" insofar as it related to the defendants.  (Id. at 2.)  The motion for summary judgment itself, was served on the counsel for the defendants and Falcon, and the February Order provided notice that summary judgment could be sought by Consolidated upon the defendants' failure to comply with the order.  The defendants and Falcon were also notified electronically.  The failure to timely oppose, therefore, will not be excused.

[5] For example, the defendants deny that Alosi Inc. ordered bricks from Consolidated, and that such bricks were delivered to the Center.  (Defs. Answer, at 3.)  The defendants, however, do admit that the order acknowledgments were executed and returned to Consolidated.  (Id. at 3.)

B.   **Breach of Personal Guaranty**

Consolidated alleges that Alosi breached his agreement to personally guarantee the financial obligations of Alosi Inc. to Consolidated. (Compl., at 5.)  To be entitled to judgment on a guaranty a plaintiff must demonstrate:

1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee);

2) the principal obligation and terms of the guaranty;

3) the lender's reliance on the guaranty in extending monies to the borrower;

4) default by the principal obligator;

5) written demand for payment on the guarantee;

6) failure of the guarantor to pay upon written demand.

United States v. DelGuercio, 818 F.Supp. 725, 727-28 (D.N.J. 1993).

Consolidated is entitled to summary judgment for breach of personal guaranty by Alosi.  Alosi Inc. executed an "Application for Credit" with Consolidated.  (McGowan Certif., at Ex. A.)  Alosi signed the application on behalf of Consolidated as Vice President of Consolidated.  (Id.)  The terms of the application provide "[t]he officers of the above named corporation [Alosi Inc.] personally guarantee payment for all debts of this corporation."  (Id.)  Consolidated fulfilled the brick orders placed by Alosi Inc. and sought payment.  Alosi Inc. did not remit payment to Consolidated when due.  Consolidated then wrote

a letter to Alosi dated December 9, 2004 seeking payment on the debt. (O'Leary Certif., at Ex. A.) The letter indicates that it is an attempt to collect a debt, and references the personal guaranty contained in the "Application for Credit." (Id.) The letter stated that the amount owed to Consolidated was $174,875.00. (Id.) In a reply dated December 11, 2004, Alosi sent Consolidated a letter stating that the debt amount was rejected. (O'Leary Certif., at Ex. B.)

The defendants have failed to submit any opposition, and the Court finds that there is no genuine issue of material fact as to Consolidated's claims for breach of personal guaranty. Summary judgment as to this claim, therefore, will be granted.

### C. Consolidated's Remaining Claims

Count four of the complaint asserts a claim for quantum meruit compensation. (Compl., at 7.) Quantum meruit recovery is a quasi-contractual remedy that allows a party to recoup the reasonable value of the services rendered. Weichert, 608 A.2d at 285. It is an equitable remedy based on the principle that a party should not be unjustly enriched at the expense of another. Id. A court will award quantum meruit "even though the parties' words and actions are insufficient to manifest an intention to agree to the proffered terms." Id.

The Court will not grant summary judgment in favor of Consolidated as to the quantum meruit claim. Recovery based on

16

quantum meruit provides the plaintiff with an alternate recovery when the plaintiff is unable to recover based on breach of contract.  The Court here has determined that (1) there was a contract between Alosi Inc. and Consolidated, and (2) the contract was breached.  Consolidated, therefore, will receive complete recovery based on its express contract.  To permit a recovery pursuant to quantum meruit would amount to a double-recovery for Consolidated.

Consolidated also asserts claims for (1) breach of the implied covenant of good faith and fair dealing, (2) book account, and (3) account stated. (Compl., at 6, 8.)  The Court will not address the merits of these claims because they are duplicative.  Summary judgment will be entered in favor of Consolidated on the breach of contract and breach of personal guaranty claims.  Judgment pursuant to these two claims enables Consolidated to recover the full amount it is owed, therefore, no judgment will be entered with respect to Consolidated's other claims.

### III. Monetary Award

Consolidated seeks the "the entry of a Final Judgment jointly and severally against Defendants Alosi Construction and Jonathan Alosi in the amount of $ 174,785.00 plus prejudgment interest and an award of reasonable attorney's fees and costs." (Pl. Letter, at 2.)  The Court will award Consolidated the amount it is owed on the brick contracts, prejudgment interest, and attorney fees and costs.

**A.   Attorney Fees**

The court may award attorney fees when, <u>inter alia</u>, a contract provides for the payment of such fees. <u>Cityside Archives, Ltd. v. N.Y.C. Health & Hosp. Corp.</u>, 37 F.Supp.2d 652, 656-57 (D.N.J. 1999). It is within the Court's discretion to fix the amount of fees and costs, if the Court (1) employs the correct standards and methods in reaching the decision, and (2) makes findings of fact that are not clearly erroneous. <u>See, e.g.</u>, <u>Interfaith Cmty. Org. v. Honeywell Int'l</u>, 426 F.3d 694, 703 n.5 (3d Cir. 2005); <u>Loughner v. Univ. of Pitt.</u>, 260 F.3d 173, 177 (3d Cir. 2001); <u>Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.</u>, 152 F.3d 228, 232 (3d Cir. 1998); <u>Abrams v. Lightolier Inc.</u>, 50 F.3d 1204, 1222 (3d Cir. 1995). "A reasonable attorney's fee is one that compensates a lawyer for the fair market value of his time, experience, and effort." <u>Hall v. Bor. of Roselle</u>, 747 F.2d 838, 841 (3d Cir. 1984). A reasonable fee is also one which is "adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys." <u>Student Pub. Int. Res. Group of N.J. v. AT&T Bell Labs.</u>, 842 F.2d 1436, 1448 (3d Cir. 1998) (internal quotes and cite omitted).

The opposing party has the burden to challenge the reasonableness of the requested fee, by affidavit or brief, with sufficient specificity to give notice. <u>Bell v. United Princeton Props., Inc.</u>, 884 F.2d 713, 715 (3d Cir. 1989). A court cannot

"decrease a fee award based on factors not raised at all by the adverse party." Id. at 720; Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). A court, however, should evaluate a fee request in light of any objections. Loughner, 260 F.3d at 179.

**B. Prejudgment Interest**

"In New Jersey, a court may award a successful plaintiff in a contract case prejudgment interest on the amount of damages." Unihealth v. U.S. Healthcare, 14 F.Supp.2d 623, 642 (D.N.J. 1998). The purpose of awarding prejudgment interest is to compensate the claimant for the loss of the income the money owed would have earned if the payment on the contract was timely. Id. District courts have discretion to determine whether prejudgment interest is awarded. Id. In federal cases based on diversity jurisdiction, the court should apply state law to determine the rate of prejudgment interest. Jarvis v. Johnson, 668 F.2d 740, 746 (3d Cir. 1982). In New Jersey, the rate of prejudgment interest is governed by New Jersey Rule 4:42-11.

**C. Consolidated's Award**

The Court will enter judgment in favor of Consolidated and against the defendants jointly and severally. The Court awards $174,785.00 as the amount owed to Consolidated for the two brick orders by Alosi Inc.

Consolidated requests $10,967.04 in attorney fees and costs. The Court recognizes that the "Application for Credit" signed by

19

Alosi on behalf of Alosi Inc. states that the buyer (Alosi Inc.) agrees to pay costs of collection, including attorney fees. (McGowan Certif., at Ex. A.)  The Court has reviewed the certification of services submitted by Consolidated's attorneys. (McGowan Certif., at 2-6.)  The Court finds that the time expended, and the billing rates charged were reasonable.  No opposition challenging the award, or amount of fees has been submitted.  The Court, therefore, will award Consolidated $10,967.04 in attorney fees and costs.

The Court will also award Consolidated prejudgment interest at the rate specified in New Jersey Rule 4:42-11.  Interest will be awarded on the contract amount, $174,785.00, beginning on the date upon which payment was due, and terminating on the date final judgment is entered.

## CONCLUSION

The Court for the reasons stated supra, will enter judgment in favor of Consolidated and against the defendants jointly and severally in the amount of $185,752.04 plus prejudgment interest on the contract amount.  Prejudgment interest is to be calculated at the rate set forth in New Jersey Rule 4:42-11, to the date of the entry of the judgment on the contract amount.  The Court will issue an appropriate order.

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge